22

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**SEP 0 7 2001**

Michael N. Milby
Clerk of Court

JUANA MARIA LERMA-DE GARCIA,   )
                               )
        Petitioner,            )
                               )
    v.                         )        C.A. No. B-97-150
                               )
E.M. TROMINSKI,                )
INS DISTRICT DIRECTOR,         )
                               )
        Respondent.            )
_____)

**RESPONDENT'S MEMORANDUM ADDRESSING
WHETHER THE COURT MAY CONDUCT AN EVIDENTIARY
HEARING IN HABEAS CORPUS PROCEEDINGS**

COMES NOW, Respondent, by and through Gregory A. Serres, United States Attorney

for the Southern District of Texas, and hereby files this memorandum addressing whether the

District Court may conduct an evidentiary hearing in habeas corpus proceedings. A hearing "to

determine whether there exists evidence to show ineffective assistance of counsel" is currently

set for September 11, 2001.

**BRIEF STATEMENT OF THE FACTS
AND PROCEDURAL HISTORY**

Petitioner is an adult female, native and citizen of Mexico, who became a lawful

permanent resident of the United States in 1969. She was convicted on January 28, 1994, in the

105th District Court of Kleberg County, Texas, for possession of marijuana (5-50 pounds).

Based upon that conviction, Petitioner was placed in deportation proceedings and charged with deportability for having been convicted of a violation of a law relating to a controlled substance, pursuant to former 8 U.S.C. §1251(a)(2)(B)(i). She was ordered deported by immigration judge David Ayala on November 8, 1994, after an in absentia hearing where she was to have presented herself. The immigration judge denied a motion to reopen on December 5, 1994.

Petitioner filed a second motion to reopen, which was denied by the immigration judge on February 10, 1995. Petitioner appealed that decision, which was affirmed by the Board of Immigration Appeals ("BIA" or Board) on June 8, 1995. Petitioner then filed a third motion to reopen, which was denied by the immigration judge on August 31, 1995. Petitioner again appealed that denial to the Board, and her appeal was dismissed on February 12, 1996.

Petitioner then filed a fourth motion to reopen, this time directly with the Board, and it was denied on April 29, 1997. The Board reaffirmed its prior decisions and held that regardless of whether petitioner had satisfied the requirements set forth in Matter of Lozada, 19 I & N Dec. 637 (BIA 1988), for establishing an ineffective assistance of counsel claim, petitioner had personal notice of the time and place of hearing and yet failed to appear. The Board also found that section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which is applicable to pending cases in light of the Attorney General's opinion in Matter of Soriano, Int. Dec. 3289, 1997 WL 159795, *12 (Att'y Gen. Feb. 21, 1997), rendered her statutorily ineligible for the relief she had been seeking under Immigration and Nationality Act ("INA") §212(c) because she is an "alien who is deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D)." Petitioner filed a Petition for Review of the Board's denial of her fourth motion to reopen with the United States Court of Appeals for the Fifth Circuit on May 28, 1997. See

2

Government Exhibits A-J attached to Respondent's Return and Motion to Dismiss previously filed in this matter. The petition for review was dismissed for lack of jurisdiction and issued as mandate on October 11, 1998.

On July 7, 1997, the Petitioner filed the instant Petition for Writ of Habeas Corpus Seeking Review of Orders of Deportation. By Memorandum Order dated August 26, 1998, this Court denied the Respondent's motion to dismiss, granted the petition for writ of habeas corpus, vacated the decision of the Board and remanded the matter to the Board for further proceedings. The Government appealed that decision to the Fifth Circuit Court of Appeals and, after a change in the regulations, moved to remand this case to the District Court for consideration of the argument relating to ineffective assistance of counsel. The Fifth Circuit Court of Appeals granted the motion and remanded the case to the District Court on June 5, 2001. By Order dated July 26, 2001, a hearing was scheduled for September 11, 2001, to determine whether there exists evidence to show ineffective assistance of counsel.

## ARGUMENT

### In Habeas Corpus Proceedings, Review is Limited to the Record Evidence

Habeas corpus review differs from judicial review. It is well settled that habeas review is narrower than judicial review. That is, in habeas corpus proceedings, "the function of the courts has always been limited to the enforcement of due process requirements. To review those requirements under the Constitution ... is very different from applying a statutory standard of review, e.g., deciding on 'the whole record' whether there is substantial evidence to support administrative findings of fact under [the Administrative Procedure Act]." Heikkila v. Barber,

3

345 U.S. 229, 235-36 (1953); see also INS v. St. Cyr, 1221 S.Ct. 2271, 2285 (2001) (affirming

Heikkila's conclusion that "the limited role played by the courts in habeas corpus proceedings

was far narrower than the judicial review authorized by the APA"); Bridges v. Wixon, 326 U.S.

135, 149 (1945) ("In ... habeas corpus proceedings we do not review the evidence beyond

ascertaining that there is some evidence to support the deportation order."). Furthermore, even in

judicial review of a deportation order where "whole record review" is authorized and

appropriate, a court will not conduct a *de novo* evidentiary review.  Rather, under the INA

judicial review is limited to the administrative record developed by the agency.  See INA

§106(a), 8 U.S.C. §1105(a) (1995) (providing that, with certain exceptions, 28 U.S.C. §158

"shall be the sole and exclusive procedure for, the judicial review of all final orders of

deportation"); INA §106(a)(4), 8 U.S.C. §1105(a)(4) (1995) ("the petition [for review] shall be

determined solely upon the administrative record upon which the deportation order is based");

and see Goonsuwan v. Ashcroft, 252 F.3d 383, 386-87 (5th Cir. 2001) (applying the exhaustion

requirement of former INA §106(c) to a challenge to removal order under §2241).   As such, to

the extent a court has jurisdiction over an alien's deportation order, the Court's scope of review in

habeas corpus proceedings is narrower and more limited than judicial review, and is limited to

the administrative record.

The petitioner was afforded ample opportunity to provide evidence to support her four

motions to reopen submitted to the immigration judge and the Board.  The Board fully

considered all the evidence presented and concluded that the petitioner had been given notice of

her hearing both orally and in writing and that she had not demonstrated exceptional

circumstances for her nonappearance at the hearing scheduled for November 8, 1994,

4

notwithstanding any claim of ineffective assistance of counsel. The record is sufficient to support this finding.

Based on the foregoing reasons, the District Court's review of this case should be limited to the record presently before the Court.

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General
Civil Division

GREGORY A. SERRES
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
Attorney in Charge
Georgia Bar No. 590315
Federal Bar No. 23937
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051
Date: September 7, 2001     Fax: (956) 389-7057

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on counsel by faxing a copy of the same to

(956) 421-3423 and by depositing a copy of it in the United States mail, first class postage

prepaid, to:

Lisa S. Brodyaga, Esquire
Refugio Del Rio Grande
17891 Landrum Park Rd.
San Benito, TX  78586

on this the _____7ᵗʰ_____ day of _____September_____, 2001.

Lisa M. Putnam
Special Assistant U.S. Attorney

6