28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 2 8 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JUANA MARIA LERMA-DE GARCIA, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-97-150 |
| E.M. TROMINSKI, INS DISTRICT DIRECTOR Respondent. | § § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Juana Maria Lerma-De Garcia is an adult female, native and citizen of Mexico, who became a lawful permanent resident of the United States in 1969. She was convicted on January 28, 1994, in the 105th District Court of Kleberg County, Texas, for possession of marijuana (5-50 pounds). For this offense, she was fined and placed on probation for five years. Based upon that conviction, Petitioner was placed in deportation proceedings and charged with deportability for having been convicted of a violation of the law relating to a controlled substance, pursuant to former 8 U.S.C. § 1251(a)(2)(B)(i). She was ordered deported by an immigration judge on November 8, 1994, after an *in absentia* hearing where she was to have presented herself.

The immigration judge twice denied motions to reopen the case on December 5, 1994 and February 10, 1995. Petitioner appealed the second denial, which was affirmed by the Board of Immigration Appeals ("BIA") on June 8, 1995. Petitioner then filed a third motion to reopen, which was denied by the immigration judge on August 31, 1995. Petitioner again appealed that denial to the BIA, and her appeal was dismissed on February 12, 1996. Petitioner then filed a

1

fourth motion to reopen, this time directly to the BIA, and it was denied on April 29, 1997. Lerma-De Garcia filed a Petition for Review of the Board's denial of her fourth motion to reopen with the United States Court of Appeals for the Fifth Circuit on May 28, 1997. The petition for review was dismissed for lack of jurisdiction and issued on October 11, 1998.

On July 7, 1997, Lerma-De Garcia filed the instant Petition for Writ of Habeas Corpus Seeking Review of Orders of Deportation. By Memorandum Order dated August 26, 1998, this Court denied the Respondent's Motion to Dismiss, granted the petition for writ of habeas corpus, vacated the decision of the BIA and remanded the matter to the BIA for further proceedings. The Government appealed that decision to the Fifth Circuit Court of Appeals and, after a change in the regulations, moved to remand this case to the District Court for consideration on the argument relating to ineffective assistance of counsel. The Fifth Circuit Court of Appeals granted the motion and remanded the case to this Court on June 5, 2001. An evidentiary hearing was held on September 11, 2001, in order to determine whether there exists evidence to show ineffective assistance of counsel.

## ANALYSIS

This Court has been ordered by the Fifth Circuit to determine whether Ms. Lerma-De Garcia received ineffective assistance of counsel during her deportation proceedings. The issue raised by the Petitioner concerns attendance at the deportation hearing itself. More specifically, the Petitioner claims that but for her counsel's mistakes preceding the hearing, the outcome of the proceeding may have been different.

Seven months before the scheduled deportation hearing, Ms. Garcia went to Mount Pleasant, Texas, to do migrant farmwork. Although she lost the written notice of the time and

2

date of the hearing, she did recall that it was set for November 8, 1994. Petitioner returned to the valley in August of 1994 to enroll her children in school. The same week she called her attorney, Ms. Polly Bone, and inquired what she may need for the hearing. During the weeks that followed, Petitioner kept up periodic contact with her attorney, but the question of the exact date of her hearing was not discussed. Shortly before the hearing date, Ms. Lerma-De Garcia claims in her affidavit that the following events occurred:

> On or about November 3, 1994, I started to panic because I had still not talked to Ms. Bone directly and I wanted to know when I should come to her office so that we could prepare the case. During one of my telephone calls to her office in Edinburg, Texas, one of [her] secretaries told me that the hearing was at 1:00 in the afternoon. I did not question this since I had lost my advisal of the hearing notice during my trip to the North. Although I was clear that it was on the 8th of November, 1994...the hour I did not recall and [I] depended on my lawyer and her representative to not mislead me or give me wrong information.
>
> On November 8, 1994, I along with my daughter, Diane Elizabeth Morado, who was to be my witness, went...to Ms. Bone's Harlingen office, and we arrived around 10:00 a.m. *I spoke to Ms. Bone and she told me that my court hearing was the following day on November 9, 1994, and not on November 8, 1994* [Emphasis Added]. I told her that I believed that my hearing was on November 9, 1994...[S]he insisted that it was on the following day...I then told her to please check her file to determine the correct date. She then proceeded to use the telephone and she told me she would be calling the court to ascertain the correct date and time for my hearing. After she hung up the telephone, she then told me that my hearing was tomorrow (November 9th) at 1:00 p.m....The following day my two daughters and myself appeared at the Immigration Court ready to proceed with my merits hearing. When we arrived to the hearing Ms. Bone told me that she was mistaken about my hearing date, that I had been correct when I told her it was on the 8th of November...and that she was very sorry.
>
> The next communication that I received was from INS with a bag and baggage letter advising me that I must surrender myself to be deported on the 7th of February, 1995. I immediately called Ms. Bone who then informed me that my appeal was denied and that she was sorry. She never informed me that I had a right to appeal the denial of my Motion to Reopen. Had I been advised of this

3

right, I would have proceeded with this procedure.[1]

Polly Bone has also given an affidavit regarding the events of November 8th and 9th, 1994. Ms. Bone further substantiates the fact that she told Ms. Lerma-De Garcia the wrong time for the deportation hearing in the affidavit which she gave on August 10, 1995.[2]

In this case, it appears that Ms. Lerma-De Garcia was subject to a deficient performance by her attorney and prejudiced by the fact that she was deported when no one appeared at the hearing. Lerma-De Garcia has shown that she received ineffective assistance of counsel. She has shown this by proving that her failure to appear at the deportation proceeding was justified due to her attorney's error. Therefore, the Board of Immigration Appeals (BIA) should permit Petitioner to file a § 212(c) petition to reopen her deportation proceedings.

## RECOMMENDATION

Juana Maria Lerma-De Garcia received inadequate representation from her lawyer in the time period leading up to her deportation hearing. As a result, she was prejudiced, and her writ of habeas corpus should be GRANTED. Further, the BIA should be ordered to permit the Petitioner to file a § 212(c) petition to reopen her deportation proceedings.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[1] Affidavit of Juana Maria Lerma-De Garcia, ¶ 7-9, 11-12 (Feb. 7, 1995).

[2] Affidavit of Polly J. Bone, ¶ 2 (Aug. 10, 1995).

4

a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 27th day of November, 2001.

_____
Felix Recio
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUANA MARIA LERMA-DE GARCIA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-97-150 |
| | § | |
| E.M. TROMINSKI, | § | |
| INS DISTRICT DIRECTOR | § | |
| Respondent. | § | |

## ORDER

BE IT REMEMBERED that before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby **ADOPTED**. The Petitioner's Application for a Writ of Habeas Corpus is hereby **GRANTED**. Further, the Board of Immigration Appeals is hereby directed to permit the Petitioner to file a § 212(c) petition to reopen her deportation proceedings.

DONE at Brownsville, Texas this _____ day of _____, 2001.

_____
Hilda Tagle
United States District Judge

6